MUTUAL BANK OF ROSEVILLE, PLAINTIFF, v. WINFRED L. SMITH, DEFENDANT.

Submitted July 9, 1920—Decided December 28, 1923.

1. Where a note is delivered for discount by the payee to the treasurer of a trust company in his official capacity, his acceptance of the note, coupled with his permitting, as treasurer, the party for whose benefit the note was delivered to draw from the funds of the trust company sums equal to the amount of the note, vests in the trust company the right, at its option, to hold the note as security for the moneys so drawn; and when the commissioner of banking and insurance takes over the control of the trust company, his judgment as to whether the best interest of the creditors and stockholders required that the action of the treasurer should be ratified, is substituted for that of the directors of the trust company.

2. When no time for the payment of a note is stated therein, it is payable on demand by the force of section 7 of the Negotiable Instrument act.

3. When the place of demand for the payment of a promissory note is specified therein, demand of payment must be made at that place, and it is the duty of the maker of the note to have at that place, at the time when the note becomes due, and at all times thereafter, the moneys necessary to pay the note.

4. After demand of payment of a promissory note, payable on demand, and refusal of payment, the holder is entitled to recover interest from the date of the demand.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Merritt Lane.*

*Contra, Roger Hinds.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought to recover the amount claimed to be due to the plaintiff from the

defendant upon a promissory note, of which the following is a copy:

"$11,165.

"New York, June 16th, 1913.

"        after date, I promise to pay to the order of C. P. Whitman and John B. Faunce, eleven thousand one hundred sixty-five and 00/100 dollars. At Roseville Trust Company.

"Value received.        Winfred L. Smith.

"Endorsements:
        "C. P. Whitman,
        "John B. Faunce."

The note was made by the defendant and delivered to the payees for the purpose of being used for the credit of the Inter-City Land and Securities Company with the Roseville Trust Company, and was, within a day or two after its date, delivered by the payees, with their endorsements thereon, to one Raymond E. Smith, the treasurer of the trust company. The latter, instead of submitting it to the board of directors for discount, retained possession thereof, and thereafter permitted the Inter-City company to draw checks against the trust company for sums which, all together, exceeded the amount of the note, and directed payment of those checks to be made by the teller of the trust company, notwithstanding the fact that the Inter-City company had no funds deposited to its credit, or any securities so deposited, except the promissory note in suit. On the 13th of the following August the trust company was found to be insolvent, after an examination by the state commissioner of banking and insurance. The further conduct of its business was stopped by the commissioner, and proceedings were instituted for its winding up. In the winding-up proceedings the defendant's note was assigned to the present plaintiff for value received, and on or about the 26th of August it was presented at the banking-house of the trust company and payment then

and there demanded. Payment being refused, the note was protested.

The above fundamental facts (with others) were found by Judge Dungan, before whom the case was tried, by consent of parties, without a jury, and the testimony submitted before him fully justified their finding. Upon the facts found by the trial judge, he directed an order for judgment in favor of the plaintiff for the full amount of the note, with interest from the date of demand for its payment.

The first ground upon which the defendant seeks to have the finding of liability against him set aside is that the Roseville Trust Company never obtained title to the note, the theory of the contention apparently being that the title would not pass until Smith, the treasurer of the company, actually turned the note over to the board of directors for action thereon by it. We are not impressed with the soundness of this contention. The note was delivered by the payees to the treasurer of the trust company in his official capacity, and his acceptance of the note, coupled with his subsequent conduct as treasurer, in permitting the Inter-City company, for whose benefit the note was delivered to the trust company, to draw from the funds of the latter company sums equal to the amount of the note, vested in the trust company the right, at its option, to hold the note as security for the moneys so drawn out. In other words, when the facts were brought to the attention of the board of directors of the trust company, they had the right to disavow the action of their agent, the treasurer, or to affirm it, if they considered the latter course for the benefit of the company. When the commissioner of banking and insurance took over the control of the trust company, it was for him to determine whether or not it was for the best interests of the creditors and stockholders of the company that the action of the treasurer should be ratified, his judgment being then substituted for that of the board of directors; and his assigning the note to the present plaintiff was a ratification of the act of the treasurer, and, as we think, operated to relieve

the Inter-City company from liability to the trust company, or the commissioner, on its checks, to the extent that the note in suit was a satisfaction thereof.

It is further contended that the trial court was in error in permitting the plaintiff to recover interest upon the note from August 26th, 1913, the day on which it was presented for payment at the banking-house of the trust company, up to the date of the trial. The basis of this contention, as we understand it, is that, because at the time the demand for payment was made the trust company's doors had been closed, so far as the transaction of business was concerned, the demand for payment should have been made upon the defendant personally, and that there was no proof of any such demand having been made; and further, that there was no proof that he had ever received notice of the presentation of the note for payment at the trust company on the date mentioned. It will be observed that no time for payment is stated in the note. It was, consequently, payable on demand, by force of section 7 of our Negotiable Instrument act. *Comp. Stat., p* 3735. The place at which the demand was to be made by the holder is expressly declared in the note itself to be at the Roseville Trust Company. The note being payable on demand, and the demand being required to be made at the place specified therein, it was the duty of the maker to have at that place at all times after the note had been made and delivered the moneys necessary to pay the note when the demand was made. There is no pretense that he performed this obligation. It may be that, if he had deposited funds with the trust company to meet the note, the refusal of the commissioner to appropriate those moneys in satisfaction of the note would have been a defense to a suit against the maker by the holder; but there is no pretense in the present case that the defendant did anything of the kind or took any steps to meet the note when it was presented. The demand having been made at the place specified in the note, and payment having been refused, presumably for lack of funds, the holder was entitled to interest thereon from the date of that demand.

Other grounds for setting aside the finding of the trial court are argued, but they become immaterial, in view of what had already been stated, and require no specific mention.

The conclusion we reach is that the rule to show cause should be discharged, and it will be so ordered.